# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN DAVENPORT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV417-148 |
| | ) | |
| HILTON HALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Gregory Allen Davenport has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging various deficiencies in his state court criminal case. Doc. 1. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Davenport presents ten grounds for relief that he contends he was unable to present "in state court because the state court has no jurisdiction in admiralty and maritime proceedings" and alleges that the "state courts have also been negligent and uncooperative in [his]

efforts [ ] to present these grounds." Doc. 1 at 6-7. Apparently, his case is currently on direct appeal, and he contends that he is being unlawfully incarcerated in violation of a smattering of constitutional provisions while being prevented from presenting these arguments to the state appellate court. *Id.* at 8.

Because Davenport's state court judgment is not yet final, any habeas petition is not yet ripe for review and his petition should be **DISMISSED without prejudice**. 28 U.S.C. § 2254(1)(b)(1)(A) (a petition for a writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State."); *Younger v. Harris*, 401 U.S. 37, 53-54 (1971) (except in extraordinary circumstances, a federal court must abstain from deciding issues in an ongoing criminal proceeding in state court); *Maharaj v. Sec'y for Dep't of Corrs.*, 304 F.3d 1345, 1348-49 (11th Cir. 2002) (a § 2254 petition for habeas corpus relief is not ripe for review where the challenged state convictions and sentences are not final at

the time of filing).[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

---

[1]  A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 16th day of August, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA